**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL J. STERHAN,

    Petitioner,

v.

    Civil Action 2:13-CV-10782
    HONORABLE GERSHWIN A. DRAIN
    UNITED STATES DISTRICT COURT

KENNETH ROMANOWSKI,

    Respondent,

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Michael J. Sterhan, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Mr. Sterhan challenges a court order requiring the reimbursement of court-appointed attorney fees for his conviction and sentence for armed robbery, M.C.L.A. 750.529. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

**I. BACKGROUND**

On January 30, 2006, Mr. Sterhan pleaded *nolo contendere* to the above offense in the Oakland County Circuit Court. On February 17, 2006, Mr. Sterhan was sentenced to one hundred and ninety six months to fifty years in prison. Mr.

1

Sterhan was also ordered to pay statutory court costs in the amount of $ 120.00 and restitution in the amount of $ 6,947.00 to the victim.

On March 11, 2011, a successor judge ordered Mr. Sterhan to pay the Oakland County Reimbursement Division for court-appointed attorney fees in the amount of $ 1,675.00. Mr. Sterhan claims that he did not receive any documentation from the judge as to how she determined the amount of the court-appointed attorney fees that were to be paid.

Mr. Sterhan filed a motion to vacate the court-appointed attorney fees, which was denied. *People v. Sterhan,* No. 2006-206420-FC (Oakland County Circuit Court, May 31, 2011). The Michigan appellate courts denied Mr. Sterhan's applications for leave to appeal the denial of this motion. *People v. Sterhan,* No. 305182 (Mich.Ct.App. April 2, 2012); *lv. den.* 492 Mich. 857, 817 N.W.2d 107 (2012).

Mr. Sterhan has now filed a petition for a writ of habeas corpus, in which he seeks relief on the following ground:

> The trial court erred in ordering defendant to pay $ 1,675.00 for the cost of his court-appointed attorney, which was ordered more than 5 years after the initial sentencing, where the court made no inquiry into defendant's present and future ability to pay, denying defendant due process.

### III.  ANALYSIS

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also

authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Mr. Sterhan's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

In his sole claim for relief, Mr. Sterhan contends that the trial court erred in ordering petitioner to reimburse the court for the cost of his court-appointed attorney.

Mr. Sterhan is unable to challenge the imposition of fines and costs by the sentencing court in a petition for writ of habeas corpus. Where a habeas petitioner

3

is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995); *See also U.S. v. Mays,* 67 Fed. Appx. 868, 869 (6th Cir. 2003)(district court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment; defendant was not in custody, as required in a motion to vacate sentence or a petition for a writ of habeas corpus).  Mr. Sterhan would thus not be able to bring a challenge to the trial court's allegedly improper assessment of court-appointed attorney's fees in his habeas petition, because petitioner's claim does not challenge his confinement. *See Frey v. Palmer,* No. 2:10–CV–10436; 2012 WL 1986324*,* \* 10 (E.D. Mich. June 04, 2012); *Gray v. Perry,* No. 10–CV–13340; 2010 WL 3952848, \* 2 (E.D. Mich. October 7, 2010); *Fisher v. Booker*, No. 03-10029-BC; 2006 WL 2420229, \* 9 (E.D. Mich. August 22, 2006).  Accordingly, Mr. Sterhan is not entitled to habeas relief on his claim.

## IV.  CONCLUSION

The Court will summarily deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to Mr. Sterhan.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Mr. Sterhan a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979)*; Myers v. Ludwick*, No. 2:09-CV-14610; 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009). The Court will also deny Mr. Sterhan leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                                              /s/Gershwin A Drain
                                              **HON. GERSHWIN A. DRAIN**
**Dated: March 4, 2013**                   UNITED STATES DISTRICT JUDGE